# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
(410) 962-7780
Fax (410) 962-1812

May 6, 2015

LETTER TO COUNSEL

RE:   *Cammie Louise Gambrell v. Commissioner, Social Security Administration*;
Civil No. SAG-14-1336

Dear Counsel:

On April 21, 2014, Plaintiff Cammie Louise Gambrell petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Plaintiff's reply memorandum. (ECF Nos. 27, 28, 29). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 205(g). This letter explains my rationale.

Ms. Gambrell filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on May 25, 2010. (Tr. 86-87, 194-201). She alleged a disability onset date of March 1, 2010. (Tr. 194, 198). Her claims were denied initially and on reconsideration. (Tr. 90-100). A hearing was held on November 7, 2012, before an Administrative Law Judge ("ALJ").[1] (Tr. 30-71). Following the hearing, the ALJ determined that Ms. Gambrell was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-29). The Appeals Council denied Ms. Gambrell's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Gambrell suffered from the severe impairments of "obesity; lumbar spine degenerative disc disease, status-post surgery; and depressive disorder." (Tr. 13). Despite these impairments, the ALJ determined that Ms. Gambrell retained the residual functional capacity ("RFC") to:

[P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant should avoid concentrated exposure to hazards, poor ventilation, dust, gases, fumes, and odors. The claimant can no more than

---

[1] At a prior hearing, on May 3, 2012, Ms. Gambrell requested a continuance so that she could obtain representation. (Tr. 72-85).

*Cammie Louise Gambrell v. Commissioner, Social Security Administration*
Civil No. SAG-14-1336
May 6, 2015
Page 2

> occasionally kneel, crawl, crouch, stoop, balance, or climb.  The claimant cannot
> climb ladders, ropes, and scaffolds.  The claimant is limited to simple unskilled
> work with only occasional contact with coworkers.  The claimant cannot perform
> production pace work, and she is limited to low stress work, defined as only
> occasional changes in work setting.

(Tr. 15-16).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Gambrell could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled.  (Tr. 22-23).

Ms. Gambrell raises two primary arguments on appeal: (1) that the ALJ erred in evaluating her credibility, and (2) that the ALJ failed to properly evaluate the medical opinion evidence in the record.  Because I agree that the ALJ's credibility assessment was wanting in several critical respects, remand is warranted.  In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Gambrell was not disabled was correct or incorrect.

Ms. Gambrell contends that the ALJ's credibility analysis both mischaracterized evidence and lacked adequate explanation.  Pl. Mem. 10.  The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints.  *Craig*, 76 F.3d at 594.  First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms, including pain, alleged by the claimant.  *Id.*  After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work."  *Id.* at 595.  In this case, the ALJ determined that, although Ms. Gambrell's impairments could reasonably be expected to cause her alleged symptoms, her allegations concerning the "intensity, persistence, and limiting effects" of those symptoms were "not entirely credible for the reasons explained in [her] decision."[2]  (Tr. 20).  In support of her determination, the ALJ explained that Ms. Gambrell's treatment "has been essentially routine and/or conservative in nature since [her] back surgery," and that "the conservative treatment has been generally successful in controlling" Ms. Gambrell's symptoms.  *Id.*

Specifically, Ms. Gambrell argues that the ALJ provided no evidence supporting her statement about the routine and conservative nature of Ms. Gambrell's treatment.  Pl. Mem. 10-12.  Ms. Gambrell contends that no such evidence exists, and instead points to multiple treatment notes from Dr. Ding, who she saw for pain management, indicating that conservative treatments failed to improve her symptoms.  (Tr. 905) ("Failed conservative treatments."); (Tr. 911) (same).  I agree that Dr. Ding's treatment notes contradict the ALJ's statement, and since the ALJ has cited no supporting evidence, I cannot find that the conclusion was supported by substantial evidence.

---

[2] The ALJ's statement is similar to the problematic boilerplate language that the Fourth Circuit recently determined warranted remand in *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015).  It is, however, critically distinguishable from that boilerplate because it does not reference the ALJ's RFC assessment and thus does not imply that the ALJ first assessed Ms. Gambrell's RFC and then used that assessment to determine her credibility.  *See id.*  Accordingly, the ALJ's statement does not mandate remand under *Mascio*.

*Cammie Louise Gambrell v. Commissioner, Social Security Administration*
Civil No. SAG-14-1336
May 6, 2015
Page 3

Ms. Gambrell next claims the ALJ misconstrued the evidence she cited in support of her conclusion that Ms. Gambrell's "conservative treatment has been generally successful in controlling [her] symptoms." Pl. Mem. 12-14. In support of her statement, the ALJ explained that prior to Ms. Gambrell's back surgery, "her medications generally controlled her back pain." (Tr. 20). The ALJ noted that subsequent to Ms. Gambrell's back surgery, "whenever [Ms. Gambrell] was taking medications, she did not go to the emergency room, and she usually reported good pain control from them." *Id.* The ALJ rejected Ms. Gambrell's statement that she never recovered from her March, 2011 fall, noting that she sought little treatment for pain during the rest of that year. *Id.* Finally, the ALJ emphasized that when Ms. Gambrell was treated for pain management by Dr. Ding in 2012, "she generally had good pain control and his examination showed only mild to moderate findings related to lower back pain." *Id.* As noted above, the ALJ's statements concerning the success of conservative treatment are not supported by the record. Moreover, although the ALJ cited substantial evidence in support of her evaluation of Ms. Gambrell's pain control prior to her surgery, I agree that the remainder of the ALJ's explanation misrepresents the severity of Ms. Gambrell's pain, particularly as reflected by Dr. Ding's treatment notes. Although the ALJ accurately stated that Dr. Ding's notes indicate that certain medications provided "some" and/or "significant" pain relief, the ALJ completely ignored, both in her summary of the medical evidence and in her evaluation of Ms. Gambrell's credibility, simultaneous statements documenting soreness, weakness, tenderness, worsening pain, current pain at 7/10 and 8/10, discomfort with certain movements, and failed conservative treatments. (Tr. 900-13). Temporary relief of pain from medications, even if significant, does not necessarily equate with adequate control of pain. If Ms. Gambrell's pain was controlled with medications, it is unclear why her pain management physician would have continued to perform injections and hardware blocks, or why he would recommend a spinal cord stimulation trial. *Id.* Since the ALJ did not attempt to reconcile, or even address, this apparent discrepancy, I cannot conclude that her statement concerning the control of Ms. Gambrell's symptoms was supported by substantial evidence.

Ms. Gambrell finally argues that the ALJ mischaracterized her ability to perform activities of daily living ("ADLs"). In support of her argument, Ms. Gambrell points to multiple function reports, which consistently document her need for assistance dressing herself, her inability to stand for the amount of time it takes her to shower, and her difficulties using the bathroom. She also notes hearing testimony in which she explained that she is no longer able to assist with doing laundry or shopping, due to continued deterioration of her health. I agree that the ALJ's statements concerning Ms. Gambrell's ADLs, particularly those relevant to her physical impairments, are unsupported by the evidence of record. For example, an inability to dress herself, take showers, and use the bathroom without assistance is patently inconsistent with the ALJ's statement that Ms. Gambrell is "independent with her hygiene. Moreover, even if Ms. Gambrell is able to move clothes from the washing machine to the dryer, it is disingenuous to construe such a minimal task as an ability to do "light housework." Considered in combination with the lack of evidence provided by the ALJ in support of the remainder of her credibility assessment, the mischaracterization of Ms. Gambrell's ADLs provides an additional basis for remand.

*Cammie Louise Gambrell v. Commissioner, Social Security Administration*
Civil No. SAG-14-1336
May 6, 2015
Page 4

Ms. Gambrell also claims that the ALJ erred in evaluating the credibility of her subjective complaints concerning the pain caused by her "tronchanteric bursitis," a hip impairment which she argues is distinct from her back impairment.  Pl. Mem. 8-9.  Ms. Gambrell contends that the pain she suffered as a result of her hip impairment impacts her ability to sit, stand, walk, and perform postural activities such that she retains a "less than sedentary RFC."  Pl. Mem. 9. Contrary to Ms. Gambrell's suggestion, however, it is clear that the ALJ considered her hip impairment.  In her RFC assessment, for example, the ALJ noted that in March 2011, MRI imaging of Ms. Gambrell's hip showed "gluteus medius muscle strain with thochanter bursitis." (Tr. 17).  However, in assessing Ms. Gambrell's credibility, the ALJ specifically referenced only the pain caused by Ms. Gambrell's back impairment.  The ALJ's failure to specifically mention the pain caused by Ms. Gambrell's hip impairment might not, standing alone, merit remand. Remand is appropriate on other grounds, however, and the ALJ should assess the credibility of Ms. Gambrell's complaints of pain caused by all of her distinct impairments.

Ms. Gambrell's second argument takes issue with the ALJ's assignment of weight to Dr. Ding's opinion.  Because remand is appropriate on other grounds, I need not determine whether the ALJ erred in evaluating Dr. Ding's opinion.  As noted above, however, the ALJ failed to discuss many aspects of Dr. Ding's treatment notes, both in evaluating Ms. Gambrell's credibility and in assigning weight to Dr. Ding's opinion.  Accordingly, on remand, the ALJ should determine whether a more thorough review of Dr. Ding's treatment notes warrants a different assignment of weight to his opinion.

For the reasons set forth herein, Ms. Gambrell's Motion for Summary Judgment (ECF No. 27) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 28) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge